F I L E D

**UNITED STATES COURT OF APPEALS**

**December 28, 2005**

**FOR THE TENTH CIRCUIT**

**Clerk of Court**

BRADEN'S BALLOONS ALOFT,
INC.,

Petitioner,

v.

FEDERAL AVIATION
ADMINISTRATION, Marion C.
Blakey, Administrator,

Respondent.

No. 04-9608
(No. 2004-6)
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After holding an evidentiary hearing in August 2002, an administrative law judge (ALJ) issued a written initial decision in March 2003, finding that petitioner Braden's Balloons Aloft, Inc. (Braden's) "performed faulty repairs on a Cameron [Sport V-90 hot air] balloon and, as a result, violated Sections 43.13(a) and (b) and 145.57(a) of the Federal Aviation Regulations (FAR), 14 C.F.R. §§ 43.13(a), 43.13(b), and 145.57(a)." Pet. App., Vol. I at 11-12 (footnotes omitted). As specifically found by the ALJ, Braden's "did not perform maintenance in accordance with approved or accepted practice. It returned the balloon to service in an unairworthy condition." *Id.* at 9. As punishment for these violations, the ALJ assessed a civil penalty against Braden's in the amount of $2,247. *Id.* Pursuant to 14 C.F.R. § 13.233(a), Braden's then filed an appeal with the Administrator of the Federal Aviation Administration (FAA). In September 2004, the Administrator issued a decision and order denying Braden's appeal and affirming the ALJ's initial decision. *Id.* at 11-29.

This matter is now before this court on Braden's timely petition for review, and Braden's is requesting that this court either reverse the decisions of the ALJ and the Administrator or remand this matter for a new hearing. Having conducted the required substantial evidence review, we conclude that Braden's is not entitled to the requested relief. Accordingly, exercising jurisdiction under 49 U.S.C. § 46110, we affirm.

The Administrator accurately summarized the background facts pertaining to this appeal as follows:

> David Hankins is the owner of a Cameron sports model V-90 hot air balloon . . . . During an annual inspection of this balloon, in September 2000, at SuperiAire Technologies in Albuquerque, New Mexico, [FAA certified repairman] Matt Guthrie discovered certain discrepancies – missing stitching on two vertical load tapes and on horizontal seams. [Braden's] had replaced two panels and patched two other panels of the balloon's envelope about one year earlier, and no other maintenance had been performed in between that repair and the inspection. [Braden's] admits that it performed those repairs but denies responsibility for the discrepancies found by Guthrie. [Braden's] affirmative defense is that the portion of the balloon that it repaired is above and to the right of the area where the discrepancies were found.

Pet. App., Vol. I at 12 (footnote omitted). In other words, Braden's denies that it performed the maintenance and repairs on which the complaint was based.

"[W]e review the factual findings of the Administrator, not those of the ALJ, and the Administrator's findings are conclusive if they are supported by substantial evidence." *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004) (citing 49 U.S.C. § 46110(c)). As we have explained, "[o]ur review under this standard is quite narrow." *Id.* (quotation omitted).

> Substantial evidence is such evidence that a reasonable mind might accept as adequate to support the conclusion reached by the decisionmaker. Substantial evidence requires more than a scintilla but less than a preponderance. The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.

*Id.* (quotation omitted). "Thus, we may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." *Id.* (quotation omitted). In addition, "the FAA recognizes that [an administrative] law judge is in the best position to observe the demeanor of witnesses at a hearing, and, as a result, the [ALJ]'s credibility findings deserve special deference." *Id.* at 1201 (quotation omitted).

Because it is undisputed that Braden's and SuperiAire used different vertical and horizontal identification methods to report and document the repairs that they made to the envelope of the subject balloon, *see* Pet. App., Vol. I at 13-14, this case raises some intricate and complicated factual issues. Specifically, in order to determine whether Braden's was responsible for the faulty repair work that neither party disputes was performed on the envelope, it is necessary to understand and compare the different identification methods that were used by Braden's and SuperiAire to identify and grid the different sections of the envelope. This is not an easy task, and, as set forth in the Administrator's decision and order, there does appear to be a legitimate dispute as to whether Braden's actually performed the faulty repair work that is the subject of this case. *Id.* at 20-24. This case also raises important credibility issues concerning the accuracy and truthfulness of the testimony of the parties' respective witnesses. In

fact, Braden's has gone so far as to "suggest[] the possibility" that the FAA's witnesses were lying about the facts in this case. *See* Pet. Reply Br. at 13, ¶ 34.

Having reviewed the record below and the parties' extensive factual arguments on appeal, we are convinced that the Administrator made a reasonable "choice between two fairly conflicting views." *Zoltanski*, 372 F.3d at 1200. In particular, while there are good arguments on both sides, *see* Pet. App., Vol. I at 20-24, we are persuaded that the record contains substantial evidence to support the Administrator's decision to reject Braden's affirmative defense "that the portion of the balloon that it repaired [was] above and to the right of the area where the discrepancies were found," *id.* at 12; *see also id.* at 20-24 (setting forth the Administrator's analysis of Braden's affirmative defense). As a result, we conclude that the Administrator's decision is based on substantial evidence. It is also clear that the Administrator's factual findings were based in large part on the ALJ's determinations regarding the credibility of the parties' respective witnesses. *Id.* at 25-26. As noted above, "the [ALJ]'s credibility findings deserve special deference." *Zoltanski,* 372 F.3d at 1201 (quotation omitted). Finally, we see no legal error in the Administrator's decision. We therefore reject the legal arguments that Braden's has set forth in its appellate briefs.

The Administrator's decision and order is AFFIRMED.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge